## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **OY-L SKIN CARE, LLC,** | : | |
| | : | Case No. _____ |
| Plaintiff, | : | |
| | : | |
| vs. | : | **COMPLAINT FOR TRADEMARK** |
| | : | **INFRINGEMENT, UNFAIR** |
| **PEACH AND LILY, INC.,** | : | **COMPETITION, DECEPTIVE TRADE** |
| | : | **PRACTICES & DAMAGE TO** |
| Defendant. | : | **BUSINESS REPUTATION** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |

Plaintiff OY-L Skin Care, LLC ("**OY-L**" or "**Plaintiff**") through its undersigned counsel, hereby states for its Complaint against Defendant Peach and Lily, Inc. ("**P&L**" or "**Defendant**"), with personal knowledge as to OY-L's actions and upon information and belief to those of others, as follows:

### NATURE OF THE CLAIMS

1.      This is an action for federal trademark infringement and unfair competition under the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq.*; deceptive trade practices under New York General Business Law § 349, *et seq.*, trademark infringement causing damage to business reputation under New York General Business Law § 360, *et seq.*; and trademark infringement and unfair competition under the common law of the State New York.

2.      OY-L has initiated this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition that it has developed in its federally registered BEAUTY WITHOUT SECRETS trademark.

3.     This action seeks injunctive relief, damages, and all other appropriate relief arising from Defendant's unlawful conduct.

## THE PARTIES, JURISDICTION, AND VENUE

4.     OY-L is an Ohio Limited Liability Company, with its principal business address at 51 S. Main Street, Hudson, OH 44236.

5.     Upon information and belief, Defendant is a Delaware Corporation with a corporate headquarters at 80 W. 40th Street, 7th Floor New York, NY 10018.

6.     Upon information and belief, Defendant's primary business is the sale of skincare and cosmetics products.

7.     This Court has subject matter jurisdiction over the claims asserted in this action because it arises under Lanham Act, 15 U.S.C. §§ 1114, 1125, and jurisdiction is proper in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

8.     This Court has pendent, ancillary and/or supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

9.     The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), and there exists complete diversity of citizenship between the parties, so this Court further has subject matter jurisdiction in accordance with 28 U.S.C. § 1332.

10.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in New York, New York, making Defendant a citizen of New York under 28 U.S.C. § 1332(c)(1).

11.     Even if Defendant were not a New York citizen, which it is, this Court would have personal jurisdiction over Defendant in accordance with New York CPLR 302(a)(1), as upon

information and belief, Defendant has transacted business in New York and used real property located within New York.

12.     Even if Defendant were not a New York citizen, which it is, this Court would have personal jurisdiction over Defendant in accordance with New York CPLR 302(a)(2), because Defendant's unlawful conduct has occurred in New York, including within the Southern District of New York within the jurisdiction of this Court.

13.     Even if Defendant were not a New York citizen, which it is, this Court would have personal jurisdiction over Defendant in accordance with New York CLPR 302(a)(2), because Defendant has advertised its goods under infringing marks in New York State and has transacted business by marketing its goods in New York State where it offers products to the public under infringing marks.

14.     Defendant has engaged in substantial activity within New York State and this judicial district by, *inter alia*, maintaining an office in this judicial district and has had substantial contacts herein, having purposefully availed itself of the privilege of conducting activities in this forum.

15.     Defendant has caused injury to OY-L within New York State and specifically within this judicial district, and the effects of Defendant's unlawful and infringing conduct are felt in New York, New York and elsewhere in New York State.

16.     Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b) because Defendant resides in this district and may be found in this district.

17.     Venue is also proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(c) because a substantial part of the acts giving rise to this case,

including the infringement of OY-L's intellectual property rights, occurred in the Southern District of New York, and Defendant is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

### OY-L and the Federally Registered BEAUTY WITHOUT SECRETS Mark

18.    OY-L is an Ohio-based limited liability company that, since its founding in 2016 has specialized in producing and selling natural skincare and cosmetics products throughout the United States.

19.    Andrea Pierce-Naymon was inspired to found OY-L when her daughter began to experience medical symptoms including weakness, pain, and discomfort caused by the toxic ingredients contained in mass-market and luxury brand skincare and cosmetics products.

20.    Determined to find a natural beauty solution for her daughter, Ms. Pierce-Naymon created OY-L, an all-natural skin care line, with the stated mission of providing "beauty without secrets."

21.    OY-L keeps keen eye on its core values of women's empowerment, environmental sustainability, zero animal testing, and most importantly, providing healthy alternatives to mass market and luxury brand beauty products, namely, providing "beauty without secrets."

22.    Since introducing the OY-L brand to the market in 2016, OY-L has invested substantial time, effort, and money in advertising and promoting its skincare and cosmetics products under the OY-L brand and the distinctive BEAUTY WITHOUT SECRETS brand throughout the United States.

23.    To protect its rights in the BEAUTY WITHOUT SECRETS mark, OY-L obtained a federal registration of BEAUTY WITHOUT SECRETS for "*Skin care preparation, namely, body polish; Cosmetic creams for skin care; Fragranced skin care preparations, namely, skin*

4

*cleansers and skin moisturizers; Non-medicated skin care creams and lotions; Non-medicated skin care preparations; Non-medicated skin care preparations, namely, creams, lotions, gels, toners, cleaners and peels*" on the Principal Register of the United States Trademark Office, which issued on March 20, 2018 under U.S. Registration No. 5,429,160.

24.     Registration No. 5,429,160 is *prima facie* evidence of the validity of and OY-L's exclusive right to use the mark BEAUTY WITHOUT SECRETS, and serves as constructive notice of OY-L's ownership thereof, as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072.   A true and correct copy of the registration certificate for Registration No. 5,429,160 is attached hereto as **Exhibit A**.

25.     All registered and common law rights in the BEAUTY WITHOUT SECRETS trademark is herein referred to as the "**BEAUTY WITHOUT SECRETS Mark**."

26.     OY-L's goods are sold under the BEAUTY WITHOUT SECRETS mark in online marketplaces, in partnerships with other well-known brands (including Saks Fifth Avenue) throughout the United States as well as on its own website, available at https://oy-l.com/.

27.     OY-L has sold skincare and cosmetics products under the BEAUTY WITHOUT SECRETS Mark since July 1, 2016, and has continuously done so in United States commerce since that date.

28.     The BEAUTY WITHOUT SECRETS Mark is inherently distinctive as applied to OY-L's products.

29.     OY-L and the BEAUTY WITHOUT SECRETS Mark have been featured in popular magazines and other media outlets such as Vogue, Allure, Esquire, Cosmopolitan, Beauty Independent, AOL, among many others.

30. OY-L has a significant number of followers on social media, including over 19,000 followers on Instagram, on such profile it displays the BEAUTY WITHOUT SECRETS Mark in "hashtag" format, as is shown below.



31. OY-L has invested substantial time, effort, and financial resources promoting the BEAUTY WITHOUT SECRETS Mark, in connection with the marketing and sale of its goods in interstate commerce.

32. OY-L has incurred extensive expenses in creating and advertising its distinctive brand under the BEAUTY WITHOUT SECRETS Mark.

33. The BEAUTY WITHOUT SECRETS Mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of OY-L, its high quality products, and its goodwill.

34. The consuming public recognizes the BEAUTY WITHOUT SECRETS Mark and associates it with OY-L.

35. OY-L has received overwhelmingly positive feedback from consumers in the form of mostly "five-star" reviews on its website.

36. The BEAUTY WITHOUT SECRETS Mark is an invaluable asset of substantial and inestimable worth to OY-L.

**Defendant's Infringement of the BEAUTY WITHOUT SECRETS Mark**

37.     Upon information and belief, Defendant is a New York-based company offering, *inter alia*, skin care and cosmetics products, and is, in part, supported by the venture capital firm Sandbridge Capital LLC.

38.     OY-L and Defendant are direct competitors, as Defendant's products are precisely the same types of products as those offered by OY-L, or at least are highly similar to OY-L's products such that it is likely OY-L would bridge the gap and offer those same products in the future.

39.     In December 2022, Defendant announced the launch of an advertising campaign it called "the Beauty Without Secrets multi platform brand campaign," which Defendant announced would "run from December 2022 through January 2023, online and across New York City subways (the "**Infringing Campaign**").  A December 13, 2022 press release announcing the Infringing Campaign is attached hereto as **Exhibit B**.

40.     Defendant announced, via the same December 13, 2022 press release referenced in the preceding paragraph, that the Infringing Campaign was to include, among other things, use of the BEAUTY WITHOUT SECRETS Mark in connection with:

- "An immersive 360 branded experience anchored in disruptive New York City subway installation that extends across digital channels and Peachandlily.com."
- "Dynamic New York City subway takeover 12/1-1/31"
- "Multi platform digital campaign: CTV, Facebook, Instagram, TikTok, YouTube"
- "Beauty Without Secrets blog series featured on Peachandlily.com highlighting common skin struggles and real solutions, with an invitation for the Peach & Lily community to join the conversation with their own unique skin journeys"
- "TikTok Live Q&A with Alicia Yoon on 12/13"
- "Peach & Lily community campaign-spotting competition with a chance to win exclusive Beauty Without Secrets prizes and to be featured on Peach & Lily social channels."

*See* Exhibit B.

41.     Defendant also announced, via the same December 13, 2022 press release referenced in the preceding two paragraphs, that the Infringing Campaign was "born out of a 3,000 person survey we conducted with the Peach & Lily community."  *See* Exhibit B.

42.     Media outlets announced details regarding the Infringing Campaign, including a December 13, 2022 Brand Report article from Beauty Independent, that stated: "Images from the campaign will run on New York City subways through next month, and videos will appear on YouTube and Peach & Lily's website starting today. Ads will extend to connected television (CTV), Facebook, Instagram and TikTok as well."  The December 13, 2022 article from Beauty Independent is annexed hereto as **Exhibit C**.

43.     In addition to the Infringing Campaign, Defendant uses the BEAUTY WITHOUT SECRETS Mark extensively on its own website, a representative example of such use is reproduced below.  *See also* https://www.peachandlily.com/pages/beauty-without-secrets, last accessed January 4, 2022.



PRESENTING

BEAUTY WITHOUT SECRETS

We asked six people to write down their skin struggles before reading the story of someone they had never met.

44.     Defendant has actually used the BEAUTY WITHOUT SECRETS Mark in an extensive advertising campaign on the New York City subway system, and a photograph depicting such use is reproduced below.



45.     Defendant has extensively used the BEAUTY WITHOUT SECRETS Mark in its entirety.

46.     Notwithstanding OY-L's well established rights in the BEAUTY WITHOUT SECRETS Mark, Defendant has used the BEAUTY WITHOUT SECRETS Mark in interstate commerce in connection with the sale and offering for sale of goods identical, or at least substantially similar, to those offered by OY-L under the BEAUTY WITHOUT SECRETS Mark, since at least December 13, 2022, with the long-planned Infringing Campaign.

47.     Defendant offers its products under the BEAUTY WITHOUT SECRETS Marks in the same trade channels in which OY-L offers its own under the BEAUTY WITHOUT SECRETS Mark, including via a website, available at https://www.peachandlily.com/, last accessed January 4, 2023.

48.     Defendant has also advertised its products under the BEAUTY WITHOUT SECRETS Mark in the same or similar trade channels in which OY-L advertises its own products under the BEAUTY WITHOUT SECRETS Mark, including via Instagram, Facebook, in Beauty Independent, Glamour, and Byrdie, among other forms of media.

49.     Actual consumer confusion as to the source of the parties' goods has already arisen as a result of Defendant's use of the BEAUTY WITHOUT SECRETS Mark and the Infringing Campaign as multiple OY-L clients have contacted OY-L in the mistaken belief that Defendants' products originate with or are at the very least associated with OY-L.

50.     Given the effort and resources expended by Defendant on the Infringing Campaign, upon information and belief, Defendant knew or should have known that the BEAUTY WITHOUT SECRETS Mark, which is federally registered and owned by OY-L, was owned by OY-L.

51.     Defendant has offered and continues to offer skin care and cosmetics products under the BEAUTY WITHOUT SECRETS Mark.

52.     Defendant has advertised and promoted and continues to advertise and promote skin care and cosmetics products under the BEAUTY WITHOUT SECRETS Mark.

53.     OY-L has not consented to Defendant's sale, promotion, and/or advertising of any goods under the BEAUTY WITHOUT SECRETS Mark, or under any other name or mark confusingly similar thereto.

**OY-L's Attempts to Resolve this Dispute Informally**

54.     OY-L has attempted to resolve this matter amicably and without resorting to litigation in the judicial system.

55.     Counsel for OY-L has sent Defendant multiple cease and desist letters and has engaged in follow up email correspondence with counsel for Defendant all regarding OY-L's objections to Defendant's use of the BEAUTY WITHOUT SECRETS Mark.  All letter and e-mail correspondence between counsel for the parties on this matter is attached hereto as **Exhibit D**.

56.     Counsel for OY-L first reached out to Defendant regarding Defendant's unlawful use of the BEAUTY WITHOUT SECRETS Mark on December 20, 2022.  *See* Exhibit D.

57.     Counsel for Defendant has expressed Defendant's willingness to cease use of the BEAUTY WITHOUT SECRETS Mark.  *See* Exhibit D.

58.     The Holiday shopping season, particularly the period from Thanksgiving through New Year's Day, is of vital importance to OY-L's business and New York City is OY-L's largest market for its goods.

59.     Given the importance of the Holiday shopping season and the New York City market to OY-L's business, OY-L has been directly and severely harmed by the recent and ongoing

exposure of approximately 2.4 million daily riders of the New York City subway system to the Infringing Campaign.

60.     Counsel for Defendant has represented that Defendant is willing to remove its physical advertising, including its extensive advertising on the New York City subway system, containing the BEAUTY WITHOUT SECRETS Mark but stated such removal would only be made by January 31, 2023, which as seen in the numerous press releases, is the exact planned length of the Infringing Campaign using OY-L's BEAUTY WITHOUT SECRETS Mark.  *See* Exhibits B-D.

61.     Counsel for OY-L informed counsel for Defendant that the proposed timeline was unacceptable for removal of the Infringing Campaign as it would essentially be the planned length of the Infringing Campaign, particularly with respect to the subway system advertisements, and would compound the severe harm already done to the OY-L brand.  *See* Exhibit D.

62.     Counsel for Defendant claimed that the Infringing Campaign was set to run through all of 2023 and when presented with Defendant's own press release and internet activity, claimed without any support that the information was "incorrect."  *See* Exhibit D.

63.     As of the date of filing of this Complaint, no corrections had been made to any materials online to correct the supposedly "incorrect" information regarding the timing of the Infringing Campaign by Defendants.

64.     Further, despite representing that online use of OY-L's BEAUTY WITHOUT SECRETS Mark in the Infringing Campaign would cease by January 1, 2023, as of the date of filing of this Complaint, Defendant has not made any corrections to its online materials as promised and is instead still willfully using OY-L's BEAUTY WITHOUT SECRETS Mark.

65.     As of the date of filing of this Complaint, Defendant's Infringing Campaign, including the subway portion of the campaign using OY-L'S BEAUTY WITHOUT SECRETS Mark, is continuing without any corrections to remedy the ongoing and known infringement.

66.     It is clear that the foregoing conduct by Defendant has been willful and deliberate, and specifically intended by Defendant to trade off the goodwill, fame, and secondary meaning associated with OY-L's BEAUTY WITHOUT SECRETS Mark for the duration of the Infringing Campaign.

67.     Unless Defendant is enjoined by this Court, OY-L will suffer irreparable injury and lost goodwill associated with OY-L's BEAUTY WITHOUT SECRETS Mark by Defendant's willful and deliberate conduct as alleged above.

## COUNT I
### Federal Trademark Infringement
### (15 U.S.C. §§ 1114)

68.     OY-L hereby realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein.

69.     Defendant's conduct alleged herein constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

70.     OY-L is the owner of all right title and interest in the BEAUTY WITHOUT SECRETS Mark.

71.     Defendant, without authorization from OY-L, has used and is continuing to use the BEAUTY WITHOUT SECRETS Mark.

72.     Defendant's acts as alleged herein have caused and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's goods originate from, or are affiliated with, sponsored by, or endorsed by OY-L.

73.     Defendant has acted with actual and/or constructive knowledge of OY-L's senior rights in the BEAUTY WITHOUT SECRETS Mark and with the intention or willful blindness to unfairly benefit from the strong goodwill symbolized thereby.

74.     Defendant has made and will continue to make profits and/or gains to which it is not entitled to in law or equity.

75.     As shown by Defendant's blatant disregard of OY-L's trademark rights, Defendant intends to continue its infringing acts, unless restrained by this Court.

76.     Defendant's activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to OY-L's business, reputation, and goodwill in its federally registered BEAUTY WITHOUT SECRETS Mark.  Defendant's acts have damaged and will continue to damage OY-L, and OY-L has no adequate remedy at law.

77.     Pursuant to 15 U.S.C. § 1117, OY-L is entitled to recover the costs of this action. Further, the intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling OY-L to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II
### Federal Unfair Competition
### (15 U.S.C. § 1125(a))

78.     OY-L hereby realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein.

79.     Defendant's conduct set forth herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     Defendant's unauthorized marketing via the Infringing Campaign and sale of products in interstate commerce under the BEAUTY WITHOUT SECRETS Mark is intended, and is likely to confuse, mislead, or deceive the public and the relevant consumers of the parties' goods

as to the origin, source, sponsorship, or affiliation of Defendant's goods with OY-L, and is intended, and is likely to cause and has caused such parties to believe in error that Defendant's goods are authorized, sponsored, approved, endorsed or licensed by OY-L, or that Defendant is in some way affiliated with OY-L.

81. Defendant's activities have caused, and unless and until enjoined by this Court, will continue to cause irreparable injury and other damage to OY-L's business, reputation, and goodwill in its federally registered BEAUTY WITHOUT SECRETS Mark. Defendant has made and will continue to make profits and/or gains to which it is not entitled to in law or equity.

82. As shown by Defendant's blatant disregard of OY-L's trademark rights, Defendant intends to continue its infringing acts, unless restrained by this Court.

83. Upon information and belief, Defendant engaged in its unlawful activities intentionally and willfully. Defendant's acts have damaged and will continue to damage OY-L, and OY-L has no adequate remedy at law.

84. As a direct and proximate result of Defendant's unlawful actions, OY-L is entitled to a recovery of reasonable attorney's fees and costs incurred herein.

## COUNT III

### New York Consumer Protection From Deceptive Trade Practices Act
### (New York General Business Law § 349, *et seq.*)

85.     OY-L hereby realleges and incorporates by reference the preceding paragraphs as if fully restated herein.

86.     Defendant has violated the New York Consumer Protection from Deceptive Trade Practices Act, New York General Business Law § 349, *et seq.* ("DTPA").

87.     As is detailed above, Defendant willfully violated the DTPA, by deceptively causing a likelihood of consumer confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection or association with OY-L.

88.     Defendant's acts of trademark infringement have been committed with the intent to cause consumer confusion and mistake and to deceive consumers.

89.     Defendant's advertising and promotion of its goods under the BEAUTY WITHOUT SECRETS Mark was and continues to be directed towards consumers.

90.     Defendant's use of the Infringing BEAUTY WITHOUT SECRETS Mark is materially misleading as to the source of the goods at issue, or at least as to a non-existent connection between OY-L and Defendant.

91.     OY-L has been and will continue to be damaged by Defendant's unlawful actions.

92.     Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Oy-L as to which it has no adequate remedy at law, unless enjoined by this Court.

93.     OY-L is entitled to damages under the New York DTPA.

## COUNT IV
### Trademark Infringement Causing Injury To Business Reputation
#### (New York General Business Law § 360 , *et seq.*)

94.     OY-L hereby realleges and incorporates by reference the preceding paragraphs as if fully restated herein.

95.     Defendant has violated New York General Business Law § 360, *et seq.* by infringing the BEAUTY WITHOUT SECRETS Mark and causing harm to OY-L's business reputation by such conduct.

96.     Defendant's unlawful conduct, as stated herein, has caused a strong likelihood of injury to OY-L's business reputation entitling OY-L to injunctive relief under New York General Business Law § 360-l.

97.     Defendant's unlawful conduct, as stated herein, has been committed with the intent to cause confusion or mistake or to deceive entitling OY-L to monetary damages under New York General Business Law § 360-k.

98.     OY-L has been and will continue to be damaged by Defendant's unlawful actions.

99.     Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Oy-L as to which it has no adequate remedy at law, unless enjoined by this Court.

## COUNT V
### New York Common Law Trademark Infringement

100.    OY-L hereby realleges incorporates by reference the preceding paragraphs as if fully restated herein.

101.    Defendant has infringed the BEAUTY WITHOUT SECRETS Mark under the common law of the State of New York.

102.    Defendant's use of the Infringing BEAUTY WITHOUT SECRETS Mark as described herein constitutes trademark infringement under the common law of the State of New York.

103.    This cause of action under New York common law is separate and independent of the federally-based causes of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth in the prior causes of action; this Court accordingly has supplemental jurisdiction over said claim.

104.    Defendant's acts of infringement are willful and have been committed with the intent to cause confusion and mistake and to deceive.

105.    OY-L has been and will continue to be damaged by Defendant's infringement.

106.    OY-L is entitled to damages it has suffered due to Defendant's infringing activities as described herein.

107.    Defendant's conduct, as alleged herein, has and will continue to cause irreparable harm to OY-L as to which it has no adequate remedy at law, unless and until enjoined by this Court.

**New York Common Law Unfair Competition**

108.	OY-L hereby realleges and incorporates by reference the preceding paragraphs as if fully restated herein.

109.	Defendant has engaged in common law unfair competition under the common law of New York.

110.	This cause of action under New York common law is separate and independent of the federally-based causes of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth in the prior causes of action; this Court accordingly has supplemental jurisdiction over said claim.

111.	Defendant's conduct, as described above, reflect Defendant's scheme by which it, without authority, consent or privilege, intended to imitate or pass off its goods as those of OY-L or as goods that have received the sponsorship or approval of OY-L, constituting unfair competition in violation of the common law of the State of New York.

112.	Defendant's conduct, as described above, constitutes misappropriation of the BEAUTY WITHOUT SECRETS Mark and of the significant expenditures, established goodwill, and labor of OY-L associated therewith.

113.	Upon information and belief, Defendant's acts of unfair competition were willful and have been OY-L with the intent to cause confusion and mistake and to deceive.

114.	OY-L has been and will continue to be damaged by Defendant's unfair competition.

115.	Defendant's conduct, as alleged above, has and will continue to cause irreparable harm to OY-L as to which it has no adequate remedy at law, unless and until enjoined by this Court.

116.	OY-L is entitled to damages for Defendant's unlawful conduct as described herein.

# PRAYER FOR RELIEF

**WHEREFORE,** OY-L respectfully demands judgment against Defendant as follows:

(1)     Entering a judgment that the BEAUTY WITHOUT SECRETS Mark has been and continues to be infringed by Defendant in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

(2)     Entering a judgment that Defendant's use of the BEAUTY WITHOUT SECRETS Mark constitutes federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125;

(3)     Entering a judgment that Defendant's use of the BEAUTY WITHOUT SECRETS Mark violates the New York Consumer Protection from Deceptive Trade Practices Act in violation of New York General Business Law § 349, *et seq.*;

(4)     Entering a judgment that Defendant's use of the BEAUTY WITHOUT SECRETS Mark violates New York General Business Law § 360, *et seq.*;

(5)     Entering a judgment that Defendant's use of the BEAUTY WITHOUT SECRETS Mark constitutes common law trademark infringement and common law unfair competition under New York law;

(6)     Restraining and enjoining Defendant, permanently and preliminarily during the pendency of this action, together with its officers, agents, members, employees, successors and assigns, and all those in privity and/or acting in concert with Defendant, from advertising, promoting, selling, marketing, or distributing any and all of Defendant's goods bearing the BEAUTY WITHOUT SECRETS Mark or any other mark confusingly similar thereto on any and all goods;

(7) Awarding OY-L its monetary damages, including actual damages sustained as a result of Defendant's infringement of the BEAUTY WITHOUT SECRETS Mark and other unlawful conduct as set forth herein, together with an accounting of Defendant's profits, as provided in 15 U.S.C. § 1117, and New York common law, all in amounts to be determined at trial;

(8) Awarding OY-L punitive and trebled damages against Defendant for its willful infringement and misconduct in an amount to be determined at trial;

(9) Awarding OY-L its costs and reasonable attorney's fees and expert witness fees in this action;

(10) Pursuant to 15 U.S.C. § 1118, ordering that Defendant be required to deliver up for destruction all advertising and promotional materials, all packaging materials, and all business documents, including labels, brochures, business stationery, calling cards, information sheets, posters, signs, and any other printed or graphic materials of any type, including the plates, molds or other means of producing the materials, which include or reproduce the BEAUTY WITHOUT SECRETS Mark or that bear reference to any confusingly similar imitations of the same;

(11) Pursuant to 15 U.S.C. § 1116(a), ordering Defendant to file with the Court and serve on OY-L within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(12) Finding the case to be exceptional under 15. U.S.C. § 1117(b); and

(13) Granting OY-L such other and further relief as the Court may deem just and equitable.

Dated: January 4, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　_S/ Govinda M. Davis_
　　　　　　　　　　　　　　　　Govinda M. Davis (Bar ID: GD0819)
　　　　　　　　　　　　　　　　April L. Besl* (_Pro Hac Vice Motion Forthcoming_)
　　　　　　　　　　　　　　　　Joseph J. Beglane* (_Admission for Application_
　　　　　　　　　　　　　　　　_Forthcoming_)
　　　　　　　　　　　　　　　　Dinsmore & Shohl LLP
　　　　　　　　　　　　　　　　255 East Fifth Street, Suite 1900
　　　　　　　　　　　　　　　　Cincinnati, OH 45202
　　　　　　　　　　　　　　　　Voice: (513) 977-8200
　　　　　　　　　　　　　　　　Facsimile: (513) 977-8141
　　　　　　　　　　　　　　　　_Attorneys for Plaintiff_